IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 06-00176-CG |
| | ) | |
| JAKARTA ALGERNON BONNER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Jakarta Algernon Bonner moved to vacate under 28 U.S.C. § 2255. (Doc. 593). The court has not caused the petition to be served on the United States Attorney because the files and records of this case show that Bonner is entitled to no relief.

"Unless the motion [under Section 2255 ] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 . However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

• Where the petitioner's claim is "patently frivolous," Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.1989);

• Where the claim is "based upon unsupported generalizations," id.;

• Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," Aron v. United States, 291 F.3d 708, 715 (11th Cir.2002);

• Where the facts alleged are not "reasonably specific [and] nonconclusory," id. at 714-15;

- "[W]here the petitioner's allegations are affirmatively contradicted by the record," id. at 715;

- Where the petitioner's version of the facts has already been accepted as true, Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir.2003); and

- Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir.1983).

Bonner moves for relief based on the following grounds (1) denial of the right to have a jury of peers determine the elements of the offense; (2) lack of subject matter jurisdiction; (3) double jeopardy; and (4) unconstitutionality of Title 18 and Title 28. The court finds that all of Bonner's claims are patently frivolous and therefore, that Bonner's motion is due to be **DENIED** without a response from the United States or a hearing.

**1. Right to Jury**

Bonner plead guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. (Doc. 317, 457). Bonner expressly waived his right to have a trial by jury in his plea agreement. (Doc. 317, p. 1). Thus, the court finds Bonner cannot obtain relief based on the denial of his right to have a jury trial and that this claim is therefore frivolous.

**2. Subject Matter Jurisdiction**

Bonner argues that in order for this court to enjoy venue[1], the place where the offense

---

[1] The court notes that to support his claim that jurisdiction is lacking, Bonner appears to argue that venue was improper. However, "venue and subject-matter jurisdiction are not concepts of the same order." Wachovia Bank v. Schmidt, 546 U.S. 303, 305, 126 S.Ct. 941, 944 (U.S. 2006). Venue is "largely a matter of litigational convenience" and generally involves choosing a convenient forum. Id. "Subject-matter jurisdiction, on the other hand, concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue." Id. The court presumes that Bonner intends to assert jurisdictional problems when he

was allegedly committed must be proven by the prosecutor to have been within the jurisdiction of the United States.  Bonner states that there are two distinct kinds of jurisdiction, state jurisdiction and federal jurisdiction and argues that the state has not surrendered jurisdiction and thus, that "federal jurisdiction extends only over the areas wherein it possesses the power of exclusive Legislation." (Doc. 592-2, p. 58).  Bonner argues that an indictment must plead specific language to notify the defendant of the time, date and place the alleged defense occurred.  Accordingly, Bonner contends that the indictment in this case was insufficient to establish jurisdiction because it only alleged that the offense was committed "on or about" a particular date and "In the Southern District of Alabama." (Doc. 592-2, p. 58).  However, the use of "on or about" in the indictment was clearly sufficient notification of the time and date of the alleged offense.  In fact, it is long-settled that if the offense actually occurred on a different date, reasonably near the date specified, that the indictment's allegation of "on or about" was sufficient. See United States v. Reed, 887 F.2d 1398, 1403 (11th Cir.1989) ("When the government charges that an offense occurred 'on or about' a certain date, the defendant is on notice that the charge is not limited to the specific date or dates set out in the indictment. Proof of a date reasonably near the specified date is sufficient." citations omitted).  Likewise, the indictment's statement that the offense occurred in the Southern District of Alabama also provides sufficient notice to the defendant of the place the offense occurred. See U.S. v. Champion, 813 F.2d 1154, 1168 (11th Cir. 1987) ("An indictment that specified the place of the

---

refers to venue.

3

offense as the Southern District of Florida would have sufficiently informed [the defendant] of the place of his alleged offense." (citing United States v. Harrell, 737 F.2d 971, 975 n. 4 (11th Cir.1984), cert. denied, 469 U.S. 1164, 105 S.Ct. 923, 83 L.Ed.2d 935 (1985)).  Thus, the court finds that plaintiff's claim of lack of jurisdiction is patently frivolous.

### 3. Double Jeopardy

Bonner bases his double jeopardy claim on the fact that supervised release and imprisonment are two distinctly different kinds of punishment.  Bonner was sentenced to 168 months imprisonment and 5 years of supervised release upon release from imprisonment.  He argues that supervised release "is a second kind of punishment" and therefore being sentenced to both imprisonment and supervised release results in a double penalty. (Doc. 593 at p. 27).  However, the imposition of a prison term and supervised released are both part of one sentence for his offense.  Congress specifically authorized the United States District Courts to pronounce a sentence of imprisonment to be followed by a term of supervised release.  Title 18 of the United States Code, § 3583(a) states that "[T]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."  The sentence does not punish Bonner multiple times, but merely gives him a term of imprisonment to be followed by a term of supervised release.  Therefore, Petitioner's claim that his sentence violated the double jeopardy clause is wholly without merit.

Additionally, in his plea agreement, Bonner, with limited exceptions not applicable here, expressly waived his right to challenge any sentence imposed, or the manner in which it was determined, in any collateral attack, including a motion brought under 28 U.S.C. § 2255. (Doc.

317, p. 10).

### 4. Unconstitutionality of Title 18 and Title 21, United States Code

Bonner contends that Titles 18 and 21 of the United States Code are unconstitutional due to alleged irregularities in their enactment.  Title 18 and Title 21 have been held to be constitutional in the face of similar arguments made by other defendants in the past which have been rejected as erroneous as a matter of law.  This court has jurisdiction over Mr. Bonner and his co-defendants pursuant to 18 U.S.C. § 3231, which states: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."   The 1948 amendment to that statute passed both houses of Congress and was signed into law by President Truman on June 25, 1948, such that the jurisdictional statutes relied on in this case were properly enacted and are binding. See U.S. v. Delatorre,  2008 WL 312647, *1 (N.D. Ill. January 30, 2008) (citation omitted).  Courts have repeatedly held that there is no merit to the argument that Title 18 and Title 28 are unconstitutional because of supposed irregularities in their enactment. See, e.g., United States v. Collins, Nos. 05-4708, 06-2746, 06-3741, 2007 WL 4355361, at *1 (7th Cir. Dec.14, 2007);McIlrath v. U.S.,  2008 WL 357344, *2 (E.D. Wis. February 8, 2008); U.S. v. Cuevas-Arredondo, 2008 WL 80127, *6 (D. Neb. January 4, 2008); U.S. v. Castaneda, 2007 WL 3094377, *6 (W.D. Ark. October 19, 2007); U.S. v. Chillemi,  2007 WL 2995726, *1 (D. Ariz. October 12, 2007); U.S. v. Sledge,  2007 WL 2071817, *3 (W.D. La. May 30, 2007).  This court agrees.

### CONCLUSION

For the reasons stated above, the court finds that the files and records of this case

demonstrate that Bonner's claims are patently frivolous. Therefore, the motion of defendant Jakarta Algernon Bonner to vacate under 28 U.S.C. § 2255. (Doc. 593) is **DENIED** without a hearing.

**DONE and ORDERED** this 20th day of March, 2008.

                                            /s/   Callie V. S. Granade
                                    CHIEF UNITED STATES DISTRICT JUDGE